UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

NERI MARROQUIN,

       Petitioner,

v.                                    Case No. 05-CV-74092-DT

JAN TROMBLEY,

       Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

This matter is before the court on Petitioner Neri Marroquin's October 26, 2005 *pro se* "Application for Writ of Habeas Corpus" filed pursuant to 28 U.S.C. §2254. Respondent filed her "Answer in Opposition to Petition for Writ of Habeas Corpus" on May 1, 2006. For the reasons stated below, the court will deny the petition.

**I. INTRODUCTION**

On January 15, 2002, in Wayne County Circuit Court, Petitioner was convicted in a jury trial of possession with intent to deliver over 650 grams of a mixture containing cocaine, in violation of MCL § 333.7401(2)(a)(I). Petitioner was sentenced to a ten to twenty year term of imprisonment.

Petitioner challenges the legality of his conviction and raises the sole issue of whether there was sufficient evidence to show that he was in constructive possession of, and had the intent to deliver, over 650 grams of cocaine. Respondent asserts that the state court reasonably applied established federal law to substantiate its decision to affirm Petitioner's conviction.

## II.  BACKGROUND

On May 20, 2000, Detroit police officers raided a home they had under surveillance. (Trial Trans. Vol. I at 124.)  Upon entering, they found several people, including Petitioner, inside.  (*Id.*)  Petitioner was sitting at a table in the dining room, using a spoon to chip away at a block of what was later determined to be cocaine.  *(Id.* at 142-47.)  When Petitioner realized that the police were coming into the home, he immediately pushed the cocaine across the table and away from himself, backed away from the table and surrendered.  (*Id.*)

A large amount of cocaine was found in various places inside the home: (1) 116.42 grams on the dining room table; (2) 2.89 grams also found at the dining room table; (3) 922.30 grams found in the meat drawer in the refrigerator; (4) 166.12 grams found in the kitchen cupboards; (5) 32.02 grams found in a large pot in the kitchen; (6) 84.79 grams found in a box in the kitchen; and (7) various amounts were found in a blender in the kitchen and in the basement.  (*Id.* at 150-59; Trial Trans. Vol. II at 5-8.)  Cash, drug paraphernalia and a weapon were also found and confiscated during the search.  (Trial Trans. Vol. II at 5-8.)

Petitioner claims that there was insufficient evidence to support a finding that he could have had constructive possession of over 650 grams of cocaine found in various locations within the house, when he was not the homeowner, did not reside in the home, did not have a key to the premises and was not a target of the surveillance. Petitioner contends that he was a victim of circumstances, and that he was in the home only by happenstance when the raid occurred.

Petitioner appealed his conviction as a matter of right to the Michigan Court of

2

Appeals and raised two issues: (1) whether there was sufficient evidence to substantiate the drug possession with intent to deliver charge when he was not in constructive possession of over 650 grams of cocaine; and (2) whether there was prosecutorial misconduct during trial when the Petitioner was charged with being a felon in possession of a firearm, but there was no evidence indicating that the Petitioner was a felon. On September 25, 2003, in an unpublished opinion, the Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Marroquin,* No. 240821, 2003 WL 22221661 (Mich. Ct. App. Sept. 25, 2003) (per curiam). Petitioner then filed an "Application for Leave to Appeal" relative to the September 25, 2003 decision of the Michigan Court of Appeals, which raised the same issues as those presented before the Court of Appeals. Petitioner's request was denied on February 27, 2004. *People v. Marroquin,* 676 N.W.2d 630 (Mich. 2004).

Petitioner claims that he filed a motion for relief from judgment on April 13, 2004 with the trial court. The court docket, however, does not indicate that such a motion was filed.[1] Petitioner has attached to his habeas petition correspondence, dated February 23, 2005, to the clerk at Wayne County Circuit Court inquiring about the status

---

[1] Accordingly, Respondent raises a statute of limitations argument. Because the Michigan Supreme Court decision is dated February 27, 2004, the date upon which the statute of limitations period began to run was May 27, 2004 pursuant to U.S. Supreme Court Rule 13. Therefore, under § 2244(d)(1)(A), the statute of limitations would expire on May 27, 2005. Because Petitioner did not file his habeas petition until October 26, 2005, Respondent submits that the petition is clearly untimely. The court will, however, review Petitioner's habeas claim on the merits since Petitioner at least sent correspondence to the Michigan trial court inquiring about the status of his motion for relief from judgment, evidencing both Petitioner's due diligence in the litigation of this matter and the possibility that Petitioner had sent the unfiled motion to the trial court in a timely fashion.

of the motion. The clerk's office responded to Petitioner's inquiry in a letter dated June 13, 2005 stating that the Petitioner needed to "re-submit" his motion if he still desired to seek post-judgment relief. On October 26, 2005, Petitioner filed his habeas petition with this court.

### III. STANDARD OF REVIEW

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An unreasonable application occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

### IV. DISCUSSION

Petitioner claims that there was insufficient evidence to permit the isolated amounts of cocaine found throughout the house to be aggregated in order to establish that Petitioner possessed with the intent to deliver over 650 grams of cocaine.  A reviewing court examines claims that the evidence at trial was insufficient for a conviction by asking whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see also Scott v. Mitchell,* 209 F.3d 854, 885 (6th Cir.2000).  Because a claim of insufficiency of the evidence presents a mixed question of law and fact, a court must determine whether the state court's *Jackson* review was reasonable.  *Dell v. Straub*, 194 F.Supp.2d 629, 647 (E.D. Mich. 2002).  Section 2254(d) "mandates that federal courts give deferential review to state court decisions on sufficiency of evidence claims." *David v. Lavinge*, 190 F.Supp.2d 974, 985 (E.D. Mich. 2002) (internal citations omitted).  A conviction may rest on circumstantial evidence and a federal habeas court reviewing the sufficiency of evidence to support a conviction need not rule out all possible interpretations of the circumstantial evidence.  *Dell*, 194 F.Supp.2d at 647.  A conviction may be based upon circumstantial evidence as well as inferences based upon the evidence.  *Id.*  As long as there is substantial  evidence to support the verdict reached, a federal court may not reverse.  *United States v. Chandler,* 752 F.2d 1148, 1151 (6th Cir. 1985).

To establish possession with intent to deliver 650 grams or more under Michigan law, the prosecution must prove: (1) an illegal possession and (2) the actual, constructive or attempted transfer of between 650 and 1000 grams of cocaine.  MCL §

5

333.7403(2)(a)(I). For the reasons that follow, the court is persuaded that the evidence presented by the prosecution as reflected in the trial record was more than sufficient to establish the essential elements of the crime beyond a reasonable doubt to a reasonable jury.

The amount of cocaine found on the premises (which added up to approximately 1,500 grams), the amount of money seized from another individual in the home (more than $5,000), and the presence of equipment such as an Ohaus brand triple beam scale used to weigh the narcotics, iron molds to crush the cocaine, and painter's masks used to prevent inhaling the cocaine while mixing it, was sufficient evidence to establish possession combined with an intent to deliver cocaine totaling more than 650 grams.

Petitioner alleges that the evidence did not sufficiently link *him* to the contraband in the house because he did not own the home, did not reside in the home and did not have a key or other access to the house. As discussed above, possession with intent to deliver can be established through circumstantial evidence and reasonable inferences arising from the evidence. *People v. Wolfe*, 489 N.W. 2d 748 (Mich. 1992). Possession may be actual or constructive, and "[t]he essential question is whether the [Petitioner] had dominion or control over the controlled substance." *People v. Konrad*, 536 N.W.2d 517 (Mich. 1995). "[M]ere proximity to the drug, mere presence on the property where it is located, or mere association, without more, with the person who does control the drug or the property on which it is found, is insufficient to support a finding of possession." *People v. Griffin*, 597 N.W.2d 176 (Mich. Ct. App. 1999) (internal quotation marks and citations omitted). Possession of large quantities of illegal

6

substances may indicate an intent to deliver. *Wolfe,* 489 N.W.2d at 755. Possession of unusually large quantities of currency is likewise characteristic of drug trafficking. *See United States v. Forrest*, 17 F.3d 916, 919 (6th Cir. 1994). "'Constructive possession may . . . be proven by the defendant's participation in a "joint venture" to possess a controlled substance.'" *Wolfe,* 489 N.W.2d at 754 (quoting *United States v. Disla*, 805 F.2d 1340, 1250 (9th Cir. 1986)).

In this case, Petitioner was far more than "merely present." He was quite actively busy, preparing a quantity of cocaine to be packaged and delivered, when the police officers entered the residence. Petitioner was working in the dining room, near where the refrigerator was located. (Prelim. Exam Trans. at 81.) Most of the cocaine, 922.3 grams, was found in that refrigerator. "[P]ossession of drugs is not marked by accessibility or proximity . . . and instead is marked by the ability to assert control of over the drugs." *Thompson v. Bock,* No. 04-1376, 2007 WL 328688 (6th Cir. Jan. 31, 2007). Petitioner notes that no fingerprints of his (or of anyone else, apparently) were found on the spoon he was seen using, as if that insulates him from the observations of the officers who surprised him at the table.[2] Of course, it does not. Any rational trier of fact could have found that Petitioner, chipping away at rock cocaine in the dining room, was retrieving the cocaine from the refrigerator located in the same room. Such a scenario suggests that the Petitioner was not only aware of the presence of cocaine in

---

[2] The officers testified that there was very loud music playing in the house, and that they were able to approach Petitioner quite closely before he was aware of their presence, even though they were shouting "police" as an alert to Petitioner and others inside.

7

the refrigerator, but that he had the power to control the narcotics.

The totality of these circumstances indicates a sufficient nexus between the Petitioner and the cocaine found in the refrigerator to support an inference that he exercised dominion and control over that substance as well as the cocaine found in the kitchen. In light of the fact that some of the appliances used to mix the cocaine for distribution (i.e., blender, bolt pots) were in the kitchen and cocaine was found in those containers as well, a sufficient nexus between the Petitioner and the narcotics found in the kitchen can be established.

From the quantities of controlled substances and cash found in the house, along with a triple beam scale, presses, bolt pots, and blenders, a reasonable jury could infer that the house was used for drug trafficking and the individuals inside of the home were facilitating the enterprise. *Id.* In light of the foregoing, this court concludes that the state court's resolution of Petitioner's sufficiency claim was neither contrary to, nor an unreasonable application of, established Supreme Court precedent. Accordingly, habeas relief is not warranted on this claim.

## V.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Petitioner's "Application for Writ of Habeas Corpus" [Dkt. #1] is DENIED.

          s/Robert H. Cleland  
          ROBERT H. CLELAND  
          UNITED STATES DISTRICT JUDGE

Dated: February 28, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 28, 2007, by electronic and/or ordinary mail.

s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522
